**Stanley F. MICHAELS, Plaintiff,**

v.

**JONES & LAUGHLIN STEEL CORPORATION, Defendant.**

**Civ. A. No. 84–2652.**

United States District Court,
W.D. Pennsylvania.

Oct. 9, 1985.

Gregory Gleason, Pittsburgh, Pa., for plaintiff.

John Unkovic, Pittsburgh, Pa., for defendant.

## MEMORANDUM

McCUNE, District Judge.

Plaintiff brings this action pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and § 16 of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 216, claiming that he was demoted, laid off, and finally terminated as a result of willful age discrimination in violation of the ADEA and FLSA. All discovery has closed and pretrial statements have been filed. We consider the defendant's motion for summary judgment. For the reasons stated below, we will grant the motion.

### Discussion

Plaintiff was born December 10, 1923. He was 59 years old when he was demoted and laid off by the defendant. He was 61 years old when he was terminated.[1]

The parties are in agreement as to the plaintiff's chronogical work history. He was initially hired by the defendant on October 20, 1952. Prior to his demotion, he served in the Industrial Engineering Department of the defendant's Pittsburgh works as a project industrial engineer. While serving as such, he was also the "group leader" responsible for supervising individuals working as maintenance standard applicators.[2] He was demoted from project industrial engineer and group leader to the position of maintenance standard applicator on July 1, 1982. Subsequently, on October 15, 1982, he was laid off with "recall likely." His status was changed to "recall unlikely" on May 25, 1984, and he was notified that he was terminated from employment effective June 1, 1984.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on April 30, 1983, contending that the "most recent or continuing discrimination" by the defendant took place on July 1, 1982, the date of his demotion to maintenance standard applicator. The EEOC notified the plaintiff by a letter dated September 5, 1984, that it would not proceed any further with the processing of his charge.

Plaintiff filed the instant suit on November 2, 1984, alleging:

"... The defendant retained and promoted employees who are less than forty years of age in positions for which the plaintiff is qualified before, at the time of, during and after the plaintiff's demotion, layoff and termination. The defendant offered employment opportunities, transfers and promotions for which the plaintiff is qualified to employees who are less than forty years of age. The actions are willfull violations of ADEA and FLSA because the defendant decided to demote, layoff and terminate the plaintiff solely because of his age ..."

The plaintiff contends that although the defendant claims to use a neutral evaluation system of which age is not a factor, his allegation is supported by the following statistical data. He contends that as of July 1982, there were 17 professional non-bargaining unit employees in the Industrial Engineering Department at the Pittsburgh

---

1. The plaintiff has mistakenly characterized his age as 58 years old when he was demoted and laid off and 60 years old when he was terminated. This discrepancy, however, does not affect our review of his claim.

2. Maintenance standard applicators, supervised by the plaintiff, evaluated and administered incentive wage rates for hourly employees working in the Pittsburgh Works General Maintenance Department.

works, and 8[3] of the 17 were no longer working for the defendant, and all not working were 50 years of age or older. The plaintiff avers that of the employees retained since July, 1982, 2 were in their twenties, 3 were in their thirties, 1 was 45 years old and 4 were in their fifties. (Apparently 10, not 9 were retained or there were 18 in the department). These employees were not maintenance standard applicators, however, and as will be noted, the plaintiff does not contend that he was qualified outside of his department. He does not identify any of the retained jobs for which he was qualified.

The defendant denies that it discriminated against the plaintiff because of his age. It contends that its actions were based on economic conditions[4] and other work related factors totally unrelated to the plaintiff's age.

The defendant points out that at the time of its initial shutdown (April 30, 1982) it had a decreased need for maintenance standard applicators. With this decreased need for maintenance standard applicators plaintiff's supervisory position was no longer needed and was eliminated. Instead of letting the plaintiff go at this point, defendant transferred him to the position of maintenance standard applicator at no loss of pay.

However, in October of 1982, the defendant reached an interim incentive agreement with its unionized steelworkers which eliminated the need for any maintenance standard applicators whatsoever and laid off the plaintiff with "recall likely." The defendant contends that it was only after it became apparent that the plaintiff had no possibility of being recalled due to the curtailed status of the Pittsburgh works that it terminated him.

The motion for summary judgment contends that plaintiff's suit should be barred

from proceeding any further on three grounds. First, the suit was commenced beyond the running of the applicable statute of limitations. Secondly, the plaintiff has failed to set forth a prima facie case of age discrimination and there does not exist any question of material fact as to this issue. Thirdly, even if the plaintiff can establish a prima facie case of age discrimination, no question of material fact exists from which a factfinder could conclude that it's legitimate, non-discriminatory explanation was pretextual.

We address the statute of limitations question first. The statute of limitations for an action brought under the ADEA is found in 29 U.S.C. § 626(e)(1) which states that §§ 6 and 10 of the Portal to Portal Act of 1947, 29 U.S.C. §§ 255(a) and 259 apply to ADEA actions. § 255(a) states:

Any action ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

The threshold question is whether the two-year or three-year statute of limitation applies in the instant case. The plaintiff alleges that the defendant willfully discriminated against him and that the three-year period should apply. The defendant contends that there is no evidence of a willful violation of the ADEA and that the two-year period is applicable in this case. A violation is willful if an employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA. *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985).

---

3. Of the 8 individuals no longer working for the defendant, 7 were laid off and one retired.

4. The defendant has characterized its operating schedule at the Pittsburgh works from April 30, 1982 to the present as follows:

| Effective Date | Status |
|---|---|
| April 30, 1982 | Total Shutdown |
| March 2, 1983 | One electric furnace in operation |
| May 28, 1983 | Total shutdown |
| January 17, 1984 | One electric furnace in operation |
| January 29, 1984 | Both electric furnaces in operation |
| May 31, 1984 | Total shutdown |
| February 20, 1985 | One electric furnace in operation |
| April 19, 1985 to present | Total shutdown |

■ The plaintiff alleges that the defendant knew that the ADEA applied but willfully discriminated against him by including age as a factor in making its employment decisions. As evidence of the defendant's knowledge of the applicability of the ADEA and the willfullness of defendant's alleged discrimination, the plaintiff points to Exhibits B1, D1, and D2 found in "Defendant's Response to Plaintiff's First Interrogatories and First Request for Production." While we agree with the plaintiff that exhibit B1 makes it clear that the defendant was aware of the possible legal ramifications of using age as a factor in employment decisions, we find no merit in his contention that these exhibits demonstrate that age was considered in making employment decisions. Exhibit B1 states in part:

"...It is the responsibility of every supervisor involved in the process of identifying affected employees to insure that, in addition to offering continued employment to the most capable person, the selection procedure operates in a manner that complies with our legal obligations ... With respect to matters of age discrimination, your attention is called to the fact that personnel decisions, such as terminations, lay offs, transfers, demotions, etc., cannot be based upon an individual's eligibility or ineligibility for pension. . Decisions to eliminate jobs or to lay off or terminate individuals should be based on the needs of the company and not on pension eligibility. Decisions based upon pension eligibility may be in violation of age discrimination legislation and also extremely costly ... The persons in these categories may have special skills, contacts, etc, in addition to many years of experience, the loss of which can be a severe handicap to the company..."

Exhibits D1 and D2 speak only of plaintiff's work performance and do not mention age. We find no evidence of defendant willfully violating the ADEA. Accordingly, the two-year statute of limitations will be applied.

■ The next question is at what date the statute of limitations began to run. Plaintiff contends that it should begin to run as of May 25, 1984, the date his status was changed to "recall unlikely." The defendant asserts that it should be deemed to have begun to run on October 15, 1982, when the plaintiff was originally laid off. The defendant cites case law for the proposition that the statute of limitations should begin to run when a claimant is notified of upcoming termination and not at the date of actual termination. *See Chardon v. Fernandez,* 454 U.S. 6, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981) *(per curiam); Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 499, 66 L.Ed.2d 431 (1980); *United Air Lines, Inc. v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977). We find these cases unpersuasive in the instant case to support the proposition that the statute of limitations should be viewed as beginning to run on October 15, 1982. On this date, plaintiff's status was "recall likely" which does not equate with notice of termination, nor was the plaintiff told he would be let go at a certain specified date in the future. Accordingly, we find that the statute of limitations should run in the instant case from May 25, 1984, and this suit is not barred on this ground.

We are left with the defendant's argument that the plaintiff has failed to make out a prima facie case, and that even if he did, there is no question of material fact that would suggest its non-discriminatory explanation for its action to be a pretext for unlawful discrimination.

In an ADEA case, the plaintiff is required to set forth a prima facie case of discrimination. The defendant must then articulate a non-discriminatory rationale for its actions. At this point, the plaintiff is allowed to present evidence that the defendant's rationale is pretextual and that its real reasons for its actions are discriminatory. The ultimate burden of proof in the case remains with the plaintiff who must show by a preponderance of the evidence that age was a determinative factor in the defendant's actions. *See Texas Department of Community Affairs v. Bur-*

*dine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Smithers v. Bailar,* 629 F.2d 892 (3d Cir.1980).

A plaintiff alleging a discriminatory lay-off need only show that he was laid off from a job for which he was qualified while others not in the protected class received more favorable treatment. *Duffy v. Wheeling Pittsburgh,* 738 F.2d 1393 (3d Cir.1984) *cert. denied,* —— U.S. ——, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984), citing *Massarsky v. General Motors,* 706 F.2d 111 (3d Cir.1983), *cert. denied* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983). A plaintiff in a workforce reduction case can establish a prima facie case of age discrimination by showing: 1) he was within the protected age group and that he was adversely affected-discharged or demoted by defendant's employment decision; 2) that he was qualified to assume another position at the time of discharge or demotion; and 3) producing evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *Williams v. General Motors Corp.,* 656 F.2d 120 (5th Cir.1981), *cert. denied* 455 U.S. 943, 102 S.Ct. 1439, 71 L.Ed.2d 655 (1982).

■ Plaintiff clearly meets the first element as he belongs to the class of individuals protected by the ADEA, those 40 but less than 70 years of age, 29 U.S.C. 631(a). He has not, however, presented any evidence to show that he was laid off from a job for which he was qualified while others not in the protected class received more favorable treatment. At the time of his layoff through the time of his discharge, the interim incentive agreement was in effect. In fact, *all* maintenance standard applicators were placed on layoff status. Plaintiff has failed to allege that he was qualified to assume some other position, i.e., a position other than maintenance standard applicator, at the time of his demotion or discharge. As for his statistical evidence, half of the employees he claims were retained by the defendant since July 1972 were *within* the protected class of

ADEA. We find that the plaintiff has failed to make out a prima facie case of age discrimination.

Assuming arguendo that plaintiff could establish a prima facie case of age discrimination, we find no evidence in the record that would permit a conclusion that defendant's non-discriminatory rationale was pretextual. It is clear that the defendant's actions were based on economic conditions alone and that the plaintiff's age was not a determinative factor in its employment decisions.

Accordingly, the defendant's motion for summary judgment will be granted.