William E. BROCK, Secretary of Labor, United States Department of Labor, Appellee,

v.

RICHLAND SHOE COMPANY, Appellant.

No. 85–1305.

United States Court of Appeals, Third Circuit.

Argued Jan. 7, 1986.

Decided Aug. 26, 1986.
Rehearing and Rehearing En Banc Denied Oct. 23, 1986.

Leon Ehrlich (argued), Ehrlich and Ehrlich, Reading, Pa., for appellant.

Francis X. Lilly, Sol. of Labor, Marshall H. Harris, Regional Sol., Monica Gallagher, Acting Associate Sol., Linda Jan S. Pack, Counsel for Appellate Litigation, Barbara E. Kahl, Wendy B. Bader (argued), U.S. Dept. of Labor, Washington, D.C., for appellee.

Before WEIS, HIGGINBOTHAM, BECKER, Circuit Judges.

**OPINION OF THE COURT**

BECKER, Circuit Judge.

This case was brought by the Secretary of Labor to enjoin defendant Richland Shoe Company from violating the overtime and recordkeeping provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et*

*seq.*, and from withholding unpaid overtime compensation owed to several employees. This appeal, from an order granting the Secretary's motion for summary judgment and awarding an injunction and backpay, requires us to construe the word "willful" in the statute of limitations section of the Portal-to-Portal Act, 29 U.S.C. § 255(a), applicable in FLSA proceedings. A "willful" violation adds one year to the statute of limitations, potentially rendering a willful violator liable for substantial additional sums.

The district court applied the standard of willfulness announced in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139 (5th Cir. 1972), *cert. denied*, 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972), and adopted by several courts of appeals, *see infra* n. 4. Under this standard, the action of an employer is willful when the "employer knew or suspected that his actions might violate the FLSA. Stated most simply ... Did the employer know the FLSA was in the picture?" *Id.* at 1142. For the reasons set forth below, we conclude that a more rigorous standard is appropriate. Specifically, we hold that for the purposes of 29 U.S.C. § 255(a), a violation of the relevant sections of the FLSA is willful if the employer knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. Although we shall affirm the district court's decision in favor of the Secretary in all other respects, we shall vacate the district court's order with respect to the statute of limitations issue and remand the case for recalculation of the amount of back overtime pay due.

## I.

Richland is a Pennsylvania corporation that manufactures footwear and other leather products in Womelsdorf, Pennsyl-

vania. The Secretary brought this action in the United States District Court for the Eastern District of Pennsylvania on August 8, 1984 to enjoin Richland from violating the overtime and recordkeeping provisions of the FLSA and from withholding unpaid overtime compensation owed to several employees. These employees are seven mechanics whose duties primarily involve the repair and maintenance of equipment at Richland's manufacturing plant.[1]

On February 25, 1985, the Secretary moved for summary judgment. In support of this motion, the Secretary submitted depositions of the office manager and the general manager of Richland; payroll records and computations based thereon; and the Department of Labor Wage and Hour Division's coefficient table that was used to compute the amount of overtime compensation due. While the parties disagreed on the conclusions to be drawn from these materials, there was no dispute regarding the underlying facts and records. The district court granted summary judgment in favor of the Secretary on April 17, 1985 and enjoined Richland from violating the overtime sections (29 U.S.C. §§ 207, 215(a)(2)) and recordkeeping requirements (29 U.S.C. §§ 211(c), 215(a)(5); 29 C.F.R. 516) of the FLSA. The order also required Richland to pay back overtime pay to the mechanics in the sum of $11,084.26 plus interest.

## II.

Although Richland raises five contentions on appeal, only one merits our attention: Richland's claim that the district court applied an improper standard of "willfulness" under 29 U.S.C. § 255(a) in calculating back overtime pay awards under the FLSA.[2] That section establishes a two-

---

[1]. Richland paid the mechanics a weekly salary based on a 48–hour week. For time worked in excess of 48 hours per week, the mechanics received roughly time and one-half pay. This action seeks recovery of overtime pay for the hours worked in excess of 40 hours per week without proper overtime compensation.

[2]. Richland also contends that: (1) summary judgment was inappropriate because there were disputed issues of material fact; (2) Richland's wage plan falls within an exception to the FLSA commonly known as the Belo exception, *see Walling v. A.H. Belo Corp.*, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942); (3) the injunction was inequitable; and (4) the amount of back overtime pay awarded should be subject to a

year statute of limitations for an employer's violation of FLSA standards unless the employer's violation was "willful," in which case the statute of limitations is three years.[3] This court has not previously had occasion to determine what constitutes willfulness under this section. As noted above, the district court applied the *Jiffy June* standard, under which the action of an employer is willful when the "employer knew or suspected that his actions might violate the FLSA. Stated most simply ... Did the employer know the FLSA was in the picture?" 458 F.2d at 1142.[4]

In this case, Richland's vice president and general manager stated in his deposition that he knew that the FLSA applied to overtime pay schemes such as that used for the mechanics. Because of this admission, the district court concluded that willfulness was established under the *Jiffy June* standard. Accordingly, the court awarded

set-off. We find these contentions to be totally without merit.

3. 29 U.S.C. § 255 provides in relevant part:
    Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended ...
    (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, *except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accured;* ... (emphasis added)

4. Several courts of appeals have adopted the *Jiffy June* standard. *See Donovan v. Bel-Loc Diner, Inc.,* 780 F.2d 1113, 1117 (4th Cir.1985); *Secretary of Labor v. Daylight Dairy Products, Inc.,* 779 F.2d 784 (1st Cir.1985); *Donovan v. Simmons Petroleum Corp.,* 725 F.2d 83 (10th Cir.1983). *But see Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 308–11 (7th Cir.1986) (A violation is willful if employer showed a disregard for the governing statute and an indifference to its requirements). *See also Marshall v. Union Pacific Motor Freight Co.,* 650 F.2d 1085, 1092 (9th Cir.1981) ("A violation is willful when the employer was, or should have been, cognizant of an appreciable possibility that the employees involved were covered by the statutory provisions."); *Laffey v. Northwest Airlines,*

damages based on the three-year limitations period.

## III.

We believe that the *Jiffy June* standard is wrong because it is contrary to the plain meaning of the FLSA. Although the meaning of willful is not fixed and determinate, it is clear that willfulness is akin to intentionality. A willful act requires a deliberate effort, more than mere negligence. Webster's *New Collegiate Dictionary* 1331 (1979) defines "willful" to mean "done deliberately: intentional." The "words of statutes ... should be interpreted where possible in their ordinary, everyday senses." *Malat v. Riddell,* 383 U.S. 569, 571, 86 S.Ct. 1030, 1032, 16 L.Ed.2d 102 (1966) (per curiam). At the very least a willful act requires reckless disregard of the consequences; there is no special, legal definition of the term.[5]

*Inc.,* 567 F.2d 429, 459–63 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978) (discussing but reserving issue).

5. The term "willful" is widespread throughout our jurisprudence, and courts have interpreted the term variously, depending upon the circumstances. *See* 45 & 46 *Words and Phrases* (West 1970 & Supp.1986) (devoting over 300 pages to "willful"). In the criminal context, for example, a different standard may be appropriate. *See, e.g., Longview Refining Co. v. Shore,* 554 F.2d 1006, 1012 (Temp.Emer.Ct.App.1977). *cert. denied,* 434 U.S. 836, 98 S.Ct. 126, 54 L.Ed.2d 98 (1977). Despite this allowable variation, no court or commentator of whom we are aware has ever adopted so lax a definition of "willfulness" in any other context as has the *Jiffy June* court. Courts and commentators have consistently stated that willfulness requires an intent to bring about certain ends or a reckless disregard with respect to those ends. *See, e.g., United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933) (misdemeanor violation of Revenue Acts of 1926 and 1928); *United States v. Illinois Central R. Co.,* 303 U.S. 239, 58 S.Ct. 533, 82 L.Ed. 773 (1938) (violation of statute regulating transportation of cattle); *Alabama Power Co. v. Federal Energy Regulatory Comm'n,* 584 F.2d 750 (5th Cir.1978) (failure to file report under Federal Power Act, 16 U.S.C. § 825n(a)); *F.X. Messina Construction Corp. v. Occupational Safety & Health Review Comm'n,* 505 F.2d 701 (1st Cir.1974) (violation of safety provisions of Occupational Safety and Health Act, 29 U.S.C. § 666(a)). That is the standard that we adopt here. *See infra* at 83.

The *Jiffy June* "in the picture" analysis is far removed from a consideration of whether the employer deliberately or recklessly violated the FLSA. It would permit the extension of the statute of limitations when the employer was merely negligent with regard to overtime and recordkeeping provisions of FLSA. Thus, it appears clear that the *Jiffy June* standard is contrary to the plain meaning of the statute.

Even a statute's plain meaning can be overcome by clear evidence that Congress intended otherwise. *Paskel v. Heckler,* 768 F.2d 540, 543–44 (3d Cir.1985). However, neither the *Jiffy June* court, nor any of the courts that have endorsed or followed *Jiffy June,* nor the parties before us in this case have presented evidence of legislative intent sufficient to bear the "extraordinarily heavy burden on the party who seeks to vary it by reference to legislative history." *Id.* To the contrary, it appears that the *Jiffy June* standard would frustrate legislative intent: because the standard is so lax that virtually any employer could be found to have acted willfully, the two-tiered scheme of liability that Congress evidently intended to implement would be eviscerated. *Walton v. United Consumers Club, Inc.,* 786 F.2d 303, 310 (7th Cir.1986). *Cf. Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 625, 83 L.Ed.2d 523 (1985) (discussed *infra* at 83).

The conclusion is thus inescapable that the plain meaning of the statute must control. *See Glenn Elec. Co., Inc. v. Donovan,* 755 F.2d 1028, 1033 (3d Cir.1985). To the extent that the district court defined "willful" to include actions that were merely negligent, it was in error.

## IV.

The Supreme Court's recent decision in *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), provides further support for our conclusion, for in that case the Supreme Court refused to adopt the *Jiffy June* willfulness standard in a context very similar to the one at issue here. *Thurston* involved a determination of willfulness for

the purpose of assessing double damages under the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. § 626(b). The employees argued that the *Jiffy June* standard should be adopted and thus that the employer should be liable for double damages if he knew that the ADEA was "in the picture." 105 S.Ct. at 625. The Supreme Court refused to adopt the *Jiffy June* standard, stating:

> [I]t would be virtually impossible for an employer to show that he was unaware of the Act and its potential applicability. Both the legislative history and the structure of the statute show that Congress intended a two-tiered liability scheme. We decline to interpret the liquidated damages provision of ADEA § 7(b) in a manner that frustrates this intent.

*Id.* at 625 (footnote omitted).

Instead, the Supreme Court affirmed the appellate court's formulation of the willfulness standard according to which the relevant question is whether " 'the employer ... knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA.' " 105 S.Ct. at 624 (quoting *Air Line Pilots Ass'n v. Trans World Airlines,* 713 F.2d 940, 956 (2d Cir. 1983)). The Court stated: "[This] definition of 'willful' ... is consistent with the manner in which this Court has interpreted the term in other criminal and civil statutes." 105 S.Ct. at 624. *Thurston* does not control the case at bar because it involved interpretation of a different statute. It provides persuasive precedent, however, as does *Walton v. United Consumers Club, Inc., supra.* We therefore adopt the same test for willfulness that the Supreme Court adopted in *Thurston:* an employer has acted "willfully" under 29 U.S.C. § 255(a) if it knew or *showed reckless disregard for the matter of whether* its conduct was prohibited by the FLSA. *See supra* n. 5.

## V.

We wish finally to address two objections to our disposition. The first objection would rely upon the First Circuit's recent

case of *Secretary of Labor v. Daylight Dairy Products, Inc.*, 779 F.2d 784, 789 (1st Cir.1985), in which the court refused to extend *Thurston* to section 255(a). The court distinguished *Thurston* by noting that whereas *Thurston* involved whether double damages would be awarded against an employer, a question with punitive overtones, section 255(a) is a "non-punitive statute of limitations."

We disagree with the First Circuit because increasing an employer's liability based on his willfulness is essentially punitive. Indeed, the increased risk of liability cannot be explained as anything else but a punitive measure. The harm to the workers on account of willful violations is neither more difficult to detect nor more severe than it would be were the violations not willful. Thus, the extension of liability is clearly based on Congress' perception that willful violations are more culpable than negligent ones. The extension is therefore a punitive measure, and no different in this regard from the double damages provision considered in *Thurston*.

The second objection is offered by the Secretary, who argues that the *Jiffy June* standard is preferable to the one we adopt here because the *Jiffy June* standard furthers the remedial ends of the FLSA by making recovery of wrongfully withheld wages easier for the employee. This argument is far too broad and could be used to undercut any statute of limitations. A statute of limitations in a damage action always strikes a balance between concerns of proof and timeliness on the one hand and recovery of damages on the other. The Secretary offers no evidence that Congress intended to strike the balance in a manner contradicting the plain meaning of the statute of limitations.

## VI.

In sum, we are persuaded to adopt the *Thurston* approach rather than the *Jiffy*

*June* standard for interpreting "willful" in 29 U.S.C. § 255(a). We shall therefore affirm the judgment of the district court in all respects except for its determination of the amount of back overtime pay due, and in that respect we shall vacate the judgment of the district court and remand the case for reconsideration.[6]

---

6. The district court's damage figure was apparently based on three years' back overtime pay. On remand the court must apply the standard for willfulness as articulated herein to determine whether the statute of limitations should be lengthened to three years. It may then recalculate the damages as necessary. We offer no view as to whether Richland's behavior satisfies the standard set forth today.