**1545**

William E. BROCK, Secretary of
Labor, United States Department
of Labor, Plaintiff–Appellant,

v.

Joann SHIRK, individually and doing
business as Oregon Meat Cutting
School; Frank B. Shirk, individually
and doing business as Oregon Meat
Cutting School, Defendants–Appellees.

No. 86–4121.

United States Court of Appeals,
Ninth Circuit.

Nov. 17, 1988.

Before WRIGHT, WALLACE and
PREGERSON, Circuit Judges.

ORDER

The Supreme Court granted a petition
for writ of certiorari, —— U.S. ——, 109
S.Ct. 38, 102 L.Ed.2d 18, it vacated our
judgment of December 8, 1987, *Brock v.
Shirk,* 833 F.2d 1326 (9th Cir.1987), and
remanded the case to this court for further
consideration in light of *McLaughlin v.
Richland Shoe Co.,* 486 U.S. ——, 108
S.Ct. 1677, 100 L.Ed.2d 115 (1988).

In Section II of our opinion, we followed
the controlling precedent of this circuit in
determining the meaning of the word "will-
ful" in 29 U.S.C. § 255. We relied upon
*Marshall v. Union Pac. Motor Freight
Co.,* 650 F.2d 1085, 1092 (9th Cir.1981), and
*EEOC v. First Citizens Bank of Billings,*
758 F.2d 397 (9th Cir.1985).

Our footnote 2 observed prophetically:
We recognize that other circuits have
questioned that definition of willful, and
that the Supreme Court will likely re-
solve the existing conflict among the cir-
cuits. *See Brock v. Richland Shoe,* 799
F.2d 80 (3d Cir.1986), *cert. granted* [——
U.S. ——, 108 S.Ct. 63, 98 L.Ed.2d 27]
(1987). *First Citizens* is still the law of
this circuit. It controls here.

The Court has indeed resolved the matter
in *McLaughlin v. Richland Shoe Co.* We
now remand the cause to the district court
for appropriate reconsideration in light of
that opinion.