860 F.2d 1545
 29 Wage & Hour Cas. (BN 34, 110 Lab.Cas. P 35,154
 William E. BROCK, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
Joann SHIRK, individually and doing business as Oregon Meat
Cutting School; Frank B. Shirk, individually and
doing business as Oregon Meat Cutting
School, Defendants-Appellees.
 No. 86-4121.
 United States Court of Appeals,
Ninth Circuit.
 Nov. 17, 1988.
 
 On Remand from the Supreme Court of the United States.
 Before WRIGHT, WALLACE and PREGERSON, Circuit Judges.
 
 ORDER
 
 1
 The Supreme Court granted a petition for writ of certiorari, --- U.S. ----, 109 S.Ct. 38, 102 L.Ed.2d 18, it vacated our judgment of December 8, 1987, Brock v. Shirk, 833 F.2d 1326 (9th Cir.1987), and remanded the case to this court for further consideration in light of McLaughlin v. Richland Shoe Co., 486 U.S. ----, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).
 
 
 2
 In Section II of our opinion, we followed the controlling precedent of this circuit in determining the meaning of the word "willful" in 29 U.S.C. Sec. 255. We relied upon Marshall v. Union Pac. Motor Freight Co., 650 F.2d 1085, 1092 (9th Cir.1981), and EEOC v. First Citizens Bank of Billings, 758 F.2d 397 (9th Cir.1985).
 
 Our footnote 2 observed prophetically:
 
 3
 We recognize that other circuits have questioned that definition of willful, and that the Supreme Court will likely resolve the existing conflict among the circuits. See Brock v. Richland Shoe, 799 F.2d 80 (3d Cir.1986), cert. granted [--- U.S. ----, 108 S.Ct. 63, 98 L.Ed.2d 27] (1987). First Citizens is still the law of this circuit. It controls here.
 
 
 4
 The Court has indeed resolved the matter in McLaughlin v. Richland Shoe Co. We now remand the cause to the district court for appropriate reconsideration in light of that opinion.